**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------x

RICHARD WOLFSON ,               :

on behalf of Plaintiff and a class,     :

                                 :

                 Plaintiff,        :

                                   :

              vs.                   :

                                   :

BALANCED HEALTHCARE            :

RECEIVABLES, LLC,                 :

                                   :

              Defendant.      :

------------------------------------------------------x

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.       Plaintiff Richard Wolfson  brings this action to secure redress regarding unlawful

collection practices engaged in by Defendant Balanced Healthcare Receivables, LLC.   Plaintiff alleges

violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2.       Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3.       Plaintiff's private information was wrongfully disclosed by Defendant to an unauthorized

third party, causing injury to Plaintiff which can be redressed by an award of damages.

4.       Personal jurisdiction and venue in this District are proper because Defendant's

collection letter was received here.

### PARTIES

#### Plaintiff

5.       Plaintiff Richard Wolfson  is a natural person residing in Holbrook, New York.

**Defendant**

6.     Defendant Balanced Healthcare Receivables, LLC, is a limited liability company organized under the law of New Hampshire with offices at 164 Burke Street, Suite 201, Nashua, NH 03060.

7.     Defendant Balanced Healthcare Receivables, LLC is engaged in the sole or principal business of a collection agency, collecting consumer debts and using the mails and telephone system for that purpose.

8.     Upon information and belief, almost all of Defendant Balanced Healthcare Receivables, LLC's resources are devoted to debt collection.

9.     Upon information and belief, almost all of Defendant Balanced Healthcare Receivables, LLC's revenue is derived from debt collection.

10.    Upon information and belief, almost all of Defendant Balanced Healthcare Receivables, LLC's expenses are related to debt collection.

11.    Defendant Balanced Healthcare Receivables, LLC is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

**FACTUAL ALLEGATIONS**

12.    This action arises out of Defendant's attempts to collect a health care debt incurred for personal, family or household purposes.

13.    On or about October 20, 2020, Defendant Balanced Healthcare Receivables, LLC caused a letter vendor to send Plaintiff the letter in Exhibit A.

14.    The letter bears markings that are characteristic of one generated by a letter vendor.

-2-

15. In order to have the letter vendor send Plaintiff the letter in Exhibit A, Defendant had to furnish the letter vendor with Plaintiff's name and address, the status of Plaintiff as a debtor, details of Plaintiff's alleged debt, and other personal information.

16. The letter vendor then populated some or all of this information into a prewritten template, printed, and mailed the letter to Plaintiff.

17. The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

18. The sending of an electronic file containing information about Plaintiff's purported debt to a letter vendor is therefore a communication.

19. Defendant's communication to the letter vendor was in connection with the collection of a debt since it involved disclosure of the debt to a third-party with the objective being communication with and motivation of the consumer to pay the alleged debt.

20. Plaintiff never consented to having Plaintiff's personal and confidential information, concerning the debt or otherwise, shared with anyone else.

21. In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. §1692c(b): "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

22. The letter vendor used by Defendant as part of its debt collection effort against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. §1692c(b).

-3-

23.     Due to Defendant's communication to this letter vendor, information about Plaintiff is within the possession of an unauthorized third-party.

24.     If a debt collector "conveys information regarding the debt to a third party -- informs the third party that the debt exists or provides information about the details of the debt -- then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.,* 804 F.3d 740, 743 (6th Cir. 2015).

25.     Defendant unlawfully communicates with the unauthorized third-party letter vendor solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party.

26.     In its reckless pursuit of a business advantage, Defendant disregarded the known, negative effect that disclosing personal information to an unauthorized third-party has on consumers.

## COUNT I – FDCPA

27.     Plaintiff incorporates paragraphs 1-26.

28.     Defendant violated 15 U.S.C. §1692c(b) when it disclosed information about Plaintiff's purported debt to the employees of an unauthorized third-party letter vendor in connection with the collection of the debt.

29.     Defendant violated 15 U.S.C. §1692f by using unfair means in connection with the collection of a debt – disclosing personal information about Plaintiff to third parties not expressly authorized under the FDCPA.

## CLASS ALLEGATIONS

30.     Plaintiff brings this action on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

-4-

31. The class consists of (a) all individuals in New York (b) with respect to whom Defendant had a letter prepared and sent by a letter vendor (c) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 30 days after the filing of this action.

32. Plaintiff may alter the class definition to conform to developments in the case and discovery.

33. On information and belief, based on the size of Defendant's business operations and the use of form letters, there are more than 40 class members, and the class is so numerous that joinder of all members is not practicable.

34. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether Defendant's practice as described above violates the FDCPA.

35. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

36. A class action is superior for the fair and efficient adjudication of this matter, in that:

a.   Individual actions are not economically feasible.

b.   Members of the class are likely to be unaware of their rights;

c.   Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and

-5-

against Defendant for:

        i.      Statutory damages;

       ii.     Attorney's fees, litigation expenses and costs of suit;

      iii.    Such other and further relief as the Court deems proper.


                            *s/ Abraham Kleinman*
                            Abraham Kleinman

Abraham Kleinman
KLEINMAN LLC
626 RXR PLAZA
Uniondale, NY 11556-0626
(516) 522-2621
(888) 522-1692 (FAX)


pro hac vice to be applied for:

Heather Kolbus
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

_s/Abraham Kleinman_
Abraham Kleinman

# **EXHIBIT A**

| Account Number: | |
| --- | --- |
| **Account Balance:** | $48.30 |

**PAY THIS AMOUNT**

**BHR** Balanced Healthcare
Receivables

*Advancing Reputation and Receivables*

164 Burke Street, Suite 201
Nashua, NH 03060

Toll Free: 1-866-460-2471

10/20/20

Monday-Thursday 8:00AM - 11:00PM EST
Friday 8:00AM - 6:30PM EST
Saturday 8:00AM - 12:00PM EST

Dear RICHARD WOLFSON:

LENOX HILL RADIOLOGY & MED IMAGING ASSOC PC P has placed the account(s) referenced below with our office for collection. Please remit the balance to Balanced Healthcare Receivables LLC (BHR) or call us at 1-866-460-2471.

Please detach and return the bottom portion of this letter with your remittance or correspondence and mail it to the below address.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Please call Karen Dubois at 1-866-460-2471.

| Creditor(s): | Reference: | Date of Service: | Amount Due: |
| --- | --- | --- | --- |
| LENOX HILL RADIOLOGY & MED IMAGING ASSOC PC | 3995 | | $48.30 |
| | | **Total Due:** | $48.30 |

**This communication is from a debt collector.**
This is an attempt to collect a debt and any information obtained will be used for that purpose.
**NOTICE - SEE REVERSE FOR IMPORTANT INFORMATION.**

Please Detach and Return in The Enclosed Envelope With Your Payment

P. O. BOX 1259, DEPT. # 108499
OAKS, PA 19456

*Personal & Confidential*



For on-line payment, visit us at:
**HTTPS://BHRLLC.REPAY.IO**

Find 'BHR LLC' in the App Store and on Google Play

 

Call 866-460-2471 to use our automated pay by phone system.

RICHARD WOLFSON

Balanced Healthcare Receivables
PO BOX 9577
Manchester, NH 03108-9577

## NEW YORK CITY

**New York City Department of Consumer Affairs License Number: 1309368**

## NEW YORK

(1) Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:
(i) the use or threat of violence;
(ii) the use of obscene or profane language; and
(iii) repeated phone calls made with the intent to annoy, abuse or harass.
(2) "If a creditor or debt collector receives a money judgement against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:
1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days."